UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

___

JUNIOR RAFAEL VARGAS GUZMAN,

    Petitioner,

    -v-

ERIC H. HOLDER, JR., Attorney General, et al.,

    Respondents.

DECISION AND ORDER
12-CV-0987C



Petitioner, Junior Rafael Vargas Guzman, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his continued administrative custody/detention pending removal. (Docket No. 1). Respondents have filed a motion to dismiss the petition as moot inasmuch as petitioner's removal was effected on or about November 1, 2012, by the Department of Homeland Security/Immigration and Customs Enforcement ("DHS/ICE").[1] (Docket No. 5, Motion to Dismiss, Affidavit of Gail Y. Mitchell, November 14, 2012, ¶ 4, and Exh. A--Order of Supervision and Addendum).

Accordingly, in light of the fact that petitioner has been released from administrative detention and removed, the respondents' motion to dismiss the petition is granted and the petition is dismissed. *See Masoud v. Filip*, NO. 08-CV-6345-CJSVEB, 2009 WL 223006

---

[1] Because petitioner could not and did not challenge his final order of removal in this Court, a stay of removal was not entered. *See, e.g., Sikder v. Gonzalez*, No. 05cv01833WYDMJW, 2006 WL 1149153, at *5 (D. Col., April 28 ,2006) ("Nevertheless, pursuant to the [REAL ID] Act, this court is without jurisdiction to hear the petitioner's claims or to grant him the relief he seeks in his motion, such as a stay of the order of removal.") (Order Affirming and Adopting Magistrate Judge's Report and Recommendation) (citations omitted); *Morillo v. DHS & Bice Detention Center*, No. 9:06-CV-340 (NAM)(DEP), 2006 WL 1007645, at *1 (N.D.N.Y., April 17, 2006) ("[m]oreover, to the extent that Petitioner is only seeking a stay of his removal, this Court would also be without jurisdiction to address this request."); *Aime v. Department of Homeland Security*, No. 05-CV-0544F, 2005 WL 1971894, *1 (W.D.N.Y. Aug. 16, 2005) ("since petitioner challenges an order of removal within the meaning of the REAL ID Act, § 106(b) . . . this Court has no jurisdiction to review the merits of the petition or to stay the order of removal.").

(W.D.N.Y., January 27, 2009) (confirming Report and Recommendation of U.S.M.J. Victor E. Bianchini) (petition for a writ of habeas corpus filed under 28 U.S.C. § 2241 seeking release from detention pending removal moot upon release of petitioner from detention pursuant to an Order of Supervision).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within sixty (60) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

IT HEREBY IS ORDERED, that the petition is dismissed; and

FURTHER, that leave to appeal as a poor person is denied.

SO ORDERED.

Dated: Nov 28, 2012
Rochester, New York

*Charles J. Siragusa*
CHARLES J. SIRAGUSA
United States District Judge